IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERNIE STANDIFER,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:CV-04-1193 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **PATRICIA DAVIS,** *et al.*, | : | |
| | : | |
| Defendants | : | |

## **M E M O R A N D U M**

**I.     Background**

Plaintiff, Ernie Standifer, while confined at the Low Security Correctional Institution in Allenwood ("LSCI-Allenwood"), Pennsylvania, commenced this action *pro se* with a *Bivens*[1] civil rights complaint (Doc. 1). Named as Defendants are: (1) Patricia Davis, an employee at a private corrections facility in McRae, Georgia; (2) M. J. Ellis, LSCI-Allenwood Inmate Systems Manager; and (3) LSCI-Allenwood Warden Craig Apker.

Plaintiff claims that he is a United States citizen, and Defendants improperly classified him as an alien, thereby excluding him from programs and

---

1. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

benefits during his incarceration at Defendants' facilities.  As relief, Plaintiff seeks compensatory damages in the amount of $150,000.00 from each Defendant.

Presently before the Court are Defendants' motions for summary judgment (Docs. 15 and 25), which assert that Plaintiff has failed to exhaust administrative remedies available to him.  In response, Plaintiff claims that he did exhaust administrative remedies.  The motions have been briefed, and they are ripe for decision.  For the following reasons Defendants' motions will be granted.

**II.**      **Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56(c), summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The party moving for summary judgment has the burden of proving that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Additionally, on summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party.  *Pulice v. Enciso,* 39 Fed.Appx. 692, 695 (3d Cir. 2002).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry

2

of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To preclude summary judgment, there must be a "genuine" issue of a material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-250 (citations omitted).

Moreover, Rule 56 provides that the adverse party may not simply sit back and rest on the allegations contained in the pleadings. Rather, the adverse party must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). When addressing a summary judgment motion, our inquiry focuses on "whether *the evidence* presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52 (emphasis added).

**III.     Discussion**

Defendant's summary judgment motions are based, in part, upon a contention that Plaintiff has failed to exhaust his administrative remedies related to his claim. The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust

3

administrative remedies prior to filing claims in federal court. Under the provisions of § 1997e(a) of the PLRA:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) This provision makes no distinction between an action for damages, injunctive relief, or both. *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000). The exhaustion requirement is mandatory, whether or not the administrative remedies afford the inmate-plaintiff the relief sought in the federal court action. *Id*. Thus, prisoners are required to exhaust available administrative remedies prior to seeking relief pursuant to 42 U.S.C. § 1983 or any other federal law. *Fortes v. Harding*, 19 F. Supp. 2d 323, 325 (M.D. Pa. 1998). The exhaustion requirement of § 1997e(a) applies to all actions brought with respect to prison conditions, whether under § 1983 or any other federal law. *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (concluding that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong).

Nevertheless, "[f]ailure to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendant." Brown v. Croak, 312 F.3d

4

109, 111 (3d Cir. 2002) (citing *Ray v. Kertes*, 285 F.2d 287, 295 (3d Cir. 2002)).  A prisoner has no duty to plead exhaustion in the complaint, and it is the Defendants' issue to support with credible evidence.  *Ray*, 285 F.3d at 297.

The Federal Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment.  *See* 28 C.F.R. §§ 542.10-542.16 (1994).  First, "[i]nmates shall informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for Administrative Remedy." *Id.*, at § 542.13(a).  Second, "[i]f an inmate is unable to informally resolve his complaint, he may file a formal written complaint, on the appropriate form, within fifteen (15) calendar days of the date on which the basis of the complaint occurred." *Id*., at § 542.13(b).  The warden has fifteen (l5) days in which to respond.  *See id.*, at § 542.14.

If an inmate is not satisfied with the warden's response, the response may be appealed (on the appropriate form) to the Regional Director within twenty (20) calendar days from the date of the warden's response.  Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to the General Counsel (central office) within thirty (30) calendar days from the date of the Regional Director's response.  *Id.*, at § 542.15.  The Regional Director and the General Counsel each have thirty (30) days to respond.  *See id.*, at § 542.14.

Defendants have attached exhibits to their brief in support of summary judgment (Doc. 17), which incorporate the declaration of Department of Justice Attorney-Advisor John F. Wallace (Doc. 17, Ex. 1). In his declaration, submitted under penalty of perjury, Wallace verifies that Plaintiff has not exhausted his administrative remedies on the issues raised in the instant Complaint. (*Id*. at ¶ 7.) Although Plaintiff has filed three administrative grievances in the administrative process, two related to safety issues and one related to a denial of medical care. (*Id*. at ¶ 8.) Defendants have also submitted the sworn declaration of Darla O'Barr, Grievance Coordinator at a private correctional facility in McRae, Georgia, where Plaintiff was initially housed. (Doc. 31, Ex. A). This declaration is also submitted under penalty of perjury. O'Barr similarly verifies that Plaintiff had not exhausted administrative remedies on the claims set forth in the Complaint when it was filed. (*Id*. at 2.)

Although Plaintiff contends that he has exhausted administrative remedies on his claims, he has submitted no evidence to support the contention. To the contrary, his assertions bolster the Wallace declaration. Supporting Wallace's claim (Doc. 17, Ex. 1) that Plaintiff filed one appeal to the Regional Office that was rejected as incomplete (*Id*. at ¶ 8C), Plaintiff states that "the Warden ignore [sic] the Regional letter on use [sic] incorrect information . . . ." (Doc. 21 at 5.) In his discussion of

6

administrative remedies (Doc. 21 at 5), Plaintiff states that he filed a mandamus action that was ultimately dismissed as moot. Plaintiff seems to believe that a mandamus action previously filed in this court satisfies the exhaustion requirement ("by filing is [sic] Complaint of Mandamus . . . show that plaintiff established exhau[s]tion . . . ." Doc. 21 at 8.) However, Plaintiff does not set forth any authority in support of his belief, and he is mistaken.

The complete administrative procedure of 28 C.F.R. §§ 542.10 et seq. was made available to the Plaintiff, and he did not fully avail himself of that process. The procedure contemplates several tiers of review, and the grievance system is not exhausted when an inmate fails to take timely action through established channels to a conclusion. Plaintiff's failure to comply with established procedures and his failure to obtain and provide necessary documentation warrants summary judgment in this case. Accordingly, summary judgment will be granted to Defendants.

## IV.    Conclusion

For the reasons stated above, the court will grant Defendants' motion for summary judgment. An appropriate order will issue.

                                        S/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
Dated: September 23, 2005.           United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERNIE STANDIFER,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-04-1193** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **PATRICIA DAVIS,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## **O R D E R**

In accordance with the foregoing memorandum, **IT IS HEREBY**

**ORDERED THAT:**

1) Defendants' motions for summary judgment (Docs. 15 and 25) are

**GRANTED**.

2) The Clerk of Court is directed to close this case.

3) Any appeal from this order will be deemed frivolous, without probable

cause, and not taken in good faith.

                                             s/Sylvia H. Rambo
                                             SYLVIA H. RAMBO
                                             United States District Judge

Dated: September 23, 2005.